IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DEXTER HARMON, ADC # 152483                                                                    PLAINTIFF

v.                                          4:16CV00325-BRW-JJV

LESLIE RUTLEDGE, Attorney General,
State of Arkansas; *et al.*                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.  BACKGROUND

Dexter Harmon ("Plaintiff") is an inmate of the Arkansas Department of Correction, and has filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) Plaintiff challenges the seizure of $4,418.73 which he received to settle a lawsuit with Phillips County, Arkansas. (Doc. Nos. 2 at 6-8; 19 at 15.) Prison officials seized this money pursuant to the State Prison Inmate Care and Custody Reimbursement Act (Act). Ark. Code Ann. § 12-29-501, *et seq.* Plaintiff believes his constitutional rights were violated when his settlement proceeds were seized, without due process, pursuant to the Act.

Defendants Kelley and Rutledge[1] now seek dismissal, saying Plaintiff's claims are frivolous. After carefully considering the Motion and Brief in Support, as well as the Response and Brief in Support (Doc. Nos. 20-23), I find this matter should be dismissed for lack of jurisdiction.

### II.  ANALYSIS

Plaintiff understandably believes he was wronged through the seizure of his § 1983 settlement proceeds. Unfortunately for Plaintiff, there is no constitutional violation here.

---

[1]Defendants Reynolds, Piazza, and the Arkansas Department of Correction Trust Fund Centralized Banking were previously dismissed on screening. (Doc. Nos. 11, 13.) Plaintiff filed a Second Amended Complaint (Doc. No. 19) and added Vicki Rice, but Defendant Rice has not yet been served.

Supreme Court precedent makes clear that the seizure of Plaintiff's settlement proceeds does not violate due process when a meaningful post-deprivation remedy is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff has already exercised, in part, his meaningful remedy through his lawsuit filed in the Pulaski County Circuit Court. (Doc. No. 3.) And if he disagreed with the outcome of the Circuit Court, he could have appealed the decision to the Arkansas Supreme Court, although likely to no avail. *See Burns v. State*, 303 Ark. 64, 793 S.W.2d 779 (1990) (Arkansas Supreme Court affirmed trial judge's determination that the Act did not violate a prisoner's due process rights). Regardless of the likelihood of his success, the undisputed fact remains that meaningful post-deprivation remedies are available under Arkansas law. Therefore, there can be no due process violation.

In a case out of Missouri, the United States Court of Appeals for the Eighth Circuit - relying on *Hudson* - made short work of nearly identical claims. The Court held that a ". . . challenge to the confiscation of money in his inmate account pursuant to the Missouri Incarceration Reimbursement Act (MIRA) does not rise to the level of a constitutional violation." *Skinner v. Missouri*, 215 Fed.Appx. 555, 2007 WL 315364 (8th Cir. Feb.5, 2007) (unpublished) (affirming district court's 28 U.S.C. § 1915A order dismissing prisoner's 42 U.S.C. § 1983 challenge to the confiscation of money in his inmate account under the Missouri Incarceration Reimbursement Act ).

Additionally, the Eighth Circuit's holding in *Hankins v. Finnel*, 964 F.2d 853 (8th Cir. 1992), provides no relief for Plaintiff. The *Hankins* court issued a narrow holding regarding a state's confiscation of state money paid from a § 1983 jury verdict. In that case, the district court was concerned with the chilling effect such seizures would have on the objectives of § 1983. *Id.* at 855. While Mr. Harmon's case may bring some similar policy concerns, the facts in *Hankins* allowed the court to stretch jurisdiction to its limits. Those facts are not here. In Mr. Harmon's case, the

settlement comes from Phillips County, Arkansas, and the State of Arkansas was in no way involved in those proceedings. There is also no evidence that the State of Arkansas will indemnify Phillips County for any of the money paid.

Accordingly, Plaintiff has not stated a due process claim. While I am sympathetic to Plaintiff's predicament, this Court has no jurisdiction to entertain the equities of Mr. Harmon's claims.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion to Dismiss (Doc. No. 20) be GRANTED;

2. Plaintiff's Second Amended Complaint (Doc. No. 19) and this cause of action be DISMISSED without prejudice for a lack of jurisdiction;

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

4. Dismissal of this action <u>not</u> count as a "strike" for purposes of 28 U.S.C. § 1915(g)[2] given the somewhat unique and complex issues involved.

Dated this 23rd day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."